# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **GRANGE INSURANCE COMPANY,** | : | |
| **Plaintiff,** | : | |
| vs. | : | **CIVIL ACTION NO.** |
| **FORMULA CONSTRUCTION GROUP, LLC and NATALIE APPELT,** | : | |
| **Defendants.** | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Grange Insurance Company, formerly known as Grange Mutual Casualty Company, (hereinafter "Grange") and files this Complaint for Declaratory Judgment, showing the Court the following:

1.

Plaintiff Grange is an Ohio insurance company with its principal place of business in Ohio. For diversity jurisdiction purposes, Grange is an Ohio citizen.

2.

Defendant Formula Construction Group, LLC ("Formula Construction") is a Georgia limited liability company with its principal place of business located at

515 E. Crossville Road, Suite 350, Roswell, Fulton County, Georgia, 30075. Formula Construction may be served with process through its registered agent: Business Filings Incorporated, 289 S Culver St., Lawrenceville, Georgia 30046. Formula Construction is subject to the jurisdiction and venue of this Court.

3.

Upon information and belief, no member of Formula Construction is an Ohio citizen and there is diversity of citizenship between Grange and Formula Construction.

4.

Natalie Appelt may be personally served at her personal residence in Watkinsville, Georgia, or through her attorney, Justin Oliverio of The Millar Law Firm. Natalie Appelt is a Georgia citizen, and she is subject to the jurisdiction and venue of this Court. There is diversity of citizenship between Grange and Appelt.

5.

There is an actual controversy of a justiciable nature because the State Court of Fulton County, Georgia, has entered a Final Judgment against Formula Construction in favor of Natalie Appelt for $10,000,000. Formula Construction has sought coverage from Grange under the Policy in connection with the $10

million judgment and Grange is uncertain whether there is coverage under the Policy.

6.

This is a proceeding seeking a declaratory judgment under the provisions of 28 U.S.C. §§ 2201, 1332, and 1391.  This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**THE PERTINENT POLICY DEFINITIONS, PROVISIONS, CONDITIONS, AND EXCLUSIONS**

7.

Grange issued a Commercial Package insurance policy to Formula Construction with policy number CPP 2073571-02 and a policy period from April 11, 2016 to April 11, 2017 (the "Policy").  A copy of the Policy is attached as Exhibit A.

8.

The Policy contains the following insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1.**   **Insuring Agreement**

       a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .

       b.   This insurance applies to "bodily injury" and "property damage" only if:

          (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes places in the "coverage territory"; and

          (2)   The "bodily injury" or "property damage" occurs during the policy period; and

. . .

                                       9.

The Policy contains the following conditions precedent for coverage:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . .

   **2.**   **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

       a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

. . .

10.

The Policy contains the following pertinent definitions:

**SECTION V – DEFINITIONS**
. . .

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . .

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    . . .

11.

The Policy contains a Contractors' Optimum Endorsement (IL 20), which contains the following provision:

> XXVIII. **Duties In The Event Of Occurrence, Offense, Claim Or Suit – Redefined**
>
> A. The requirement in Condition **2.a.** of **Section IV – Commercial General Liability Conditions** that you must see to it that we are notified of an "occurrence" only applies when the "occurrence" or offense is known to:
>
>   1. You, if you are an individual;
>   2. A partner, if you are a partnership;
>   3. An officer of the corporation if you are a corporation;
>   4. Your members and managers, if you are a limited liability company;
>   5. Your insurance manger; or
>   6. The trustee, if you are a trust.
>
> B. The requirement in Condition **2.b.** of **Section IV – Commercial General Liability Conditions** that you must see to it that we receive written notice of a claim or "suit" as soon as practicable will not be considered breached unless the breach occurs after such claim of "suit" is known to:
>
>   1. You, if you are an individual;
>   2. A partner, if you are a partnership;
>   3. An officer of the corporation if you are a corporation;
>   4. Your members and managers, if you are a limited liability company;
>   5. Your insurance manger; or
>   6. The trustee, if you are a trust.

12.

The Policy contains an Exclusion – Contractors – Professional Liability endorsement (CG 22 79 04 13), which provides in pertinent part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability**:

1. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

    b. Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

    2.    Subject to Paragraph 3. below, professional services include:

        a.    Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

        b.    Supervisory or inspection activities performed as part of any related architectural or engineering activities.

    3.    Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

## THE UNDERLYING LAWSUIT AND THE FINAL JUDGMENT

13.

On October 3, 2018, Michael and Natalie Appelt filed suit against Formula Construction and other entities in the State Court of Fulton County, Georgia (Civil Action No. 18EV004800) (the "Underlying Lawsuit"). A copy of Complaint For Damages and the First Amended Complaint For Damages in the Underlying Lawsuit are attached as Exhibits B and C, respectively.

14.

In the Underlying Lawsuit, the Appelts generally alleged that Formula Construction and the other defendants were liable to them in connection with an accident involving Michael Appelt that occurred on October 7, 2016.

15.

Formula Construction was served with the Summons and Complaint for Damages through its registered agent for service on October 4, 2018. A copy of the Affidavit of Service, which was filed in the Underlying Lawsuit on October 9, 2018, is attached as Exhibit D.

16.

Formula Construction did not file an Answer or responsive pleading in the Underlying Lawsuit and Formula Construction went into default.

17.

On November 29, 2018, counsel for the Appelts served Formula Construction through U.S. Mail with a copy of the Joint Motion to Substitute Defendant ECI Management, LLC that was filed in the Underlying Lawsuit. The address for Formula Construction on the certificate of service is the same address that the Georgia Secretary of State lists as the principal office address for Formula Construction. A copy of the Joint Motion is attached as Exhibit E.

18.

On December 10, 2018, counsel for the Appelts served Formula Construction through U.S. Mail with a copy of the First Amended Complaint for Damages in the Underlying Lawsuit. The address for Formula Construction on the

certificate of service is the same address that the Georgia Secretary of State lists as the principal office address for Formula Construction. A copy of the First Amended Complaint for Damages is attached as Exhibit C.

19.

On April 3, 2019, counsel for the Appelts served Formula Construction through U.S. Mail with a copy of a Notice of Leave of Absence filed in the Underlying Lawsuit. The address for Formula Construction on the certificate of service is the same address that the Georgia Secretary of State lists as the principal office address for Formula Construction. A copy of the Notice of Leave of Absence is attached as Exhibit F.

20.

On at least four occasions on or before April 2019, Formula Construction was made aware of the Underlying Lawsuit.

21.

Formula Construction, through its members or managers, had knowledge of the Underlying Lawsuit no later than April 2019.

22.

Michael Appelt died on December 29, 2020 and a Suggestion Of Death On The Record was filed in the Underlying Lawsuit on February 26, 2021.

23.

On February 26, 2021, Michael Appelt (deceased) and Natalie Appelt filed a Motion for Default Judgment against Formula Construction in the Underlying Lawsuit. A copy of the Motion and the attachments to it are attached as Exhibit G.

24.

On June 23, 2021, the court in the Underlying Lawsuit entered a Final Judgment in favor of Natalie Appelt for $10 million against Formula Construction. A copy of the Final Judgment is attached as Exhibit H.

25.

The Final Judgment states that "[i]t is further ORDERED that all of Michael Appelt's claims are hereby DISMISSED WITHOUT PREJUDICE, given the testimony presented that he died prior to the hearing and an estate had not been opened for Mr. Appelt as of the date of the June 22, 2021 hearing."

26.

The $10 million Final Judgment in the Underlying Lawsuit is solely for Natalie Appelt's loss of consortium claim.

27.

The court in the Underlying Lawsuit dismissed without prejudice all of Michael Appelt's claims.

28.

Formula Construction first provided notice to Grange of the Underlying Lawsuit on July 2, 2021.  A copy of the email and letter first providing notice of the Underlying Lawsuit are attached as Exhibit I.

29.

Formula Construction did not provide notice of the Underlying Lawsuit to Grange until after the Final Judgment for $10 million had been entered against Formula Construction.

30.

After receiving notice of the Underlying Lawsuit, Grange agreed to provide a defense to Formula Constriction in connection with the Underlying Lawsuit and the Final Judgment pursuant to a reservation of rights.  A true and correct copy of the August 16, 2021 and December 28, 2021 reservation of rights letters are attached as Exhibits J and K.

31.

In the Underlying Lawsuit, Formula Construction filed a Motion to Vacate Final Judgment on July 2, 2021.  The motion was denied on August 24, 2021.

32.

In the Underlying Lawsuit, Formula Construction filed a Motion to Set

Aside the Final Judgment or, alternatively, to Stay this Matter until a Transcript of the Damages Hearing is Finished on August 31, 2021. The motion was denied on November 10, 2021.

33.

In the Underlying Lawsuit, Formula Construction filed a Motion to Dismiss or, Alternatively, to Open Default on September 17, 2021. The motion was denied on November 10, 2021.

34.

On December 8, 2021, Formula Construction filed a Notice of Appeal to the Georgia Court of Appeals concerning the November 10, 2021 Orders denying the Motion to Set Aside the Final Judgment and the Motion to Dismiss.

35.

At present, the Final Judgment has not been set aside, interest is accruing on it, and Grange is uncertain regarding its duties and obligations under the Policy, if any, in connection with the Underlying Lawsuit and the Final Judgment.

36.

Grange has filed this declaratory judgment action because it seeks a declaration that it has no duty to defend or indemnify Formula Construction in connection with the Underlying Lawsuit and the Final Judgment.

## COUNT I - DECLARATORY JUDGMENT CONCERNING THE BREACH OF THE NOTICE CONDITIONS CONTAINED IN THE POLICY

37.

Grange incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

38.

Formula Construction, through its members or managers, was aware of the Underlying Lawsuit in 2018.

39.

Formula Construction, through its members or managers, was aware of the Underlying Lawsuit no later than April 2019.

40.

By not providing notice of the Underlying Lawsuit to Grange until July 2021, Formula Construction breached the notice requirements contained in the "Duties In The Event of Occurrence, Offense, Claim Or Suit" section of the Policy, which are conditions precedent to coverage.

41.

Grange has been prejudiced because it did not receive notice of the Underlying Lawsuit until after the $10 million Final Judgment was entered.

42.

Because of Formula Construction's breach of one or more of the notice conditions contained in the Policy, which are conditions precedent to coverage, there is no coverage under the Policy in connection with the Underlying Lawsuit and Final Judgment.

43.

Grange seeks a declaratory judgment from this Court clarifying its duties and obligations under the Policy in connection with the Underlying Lawsuit and Final Judgment. Specifically, Grange seeks a declaration that there is no duty to defend or indemnify under the Policy in connection with the Underlying Lawsuit and Final Judgment.

**COUNT II - DECLARATORY JUDGMENT CONCERNING THE FINAL JUDGMENT NOT BEING FOR "BODILY INJURY" OR ANY OTHER COVERED INJURY**

44.

Grange incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

45.

The Final Judgment is solely for Natalie Appelt's loss of consortium claim.

46.

Loss of consortium is not "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined in the Policy.

47.

There is no coverage under the Policy because the insuring agreements state that coverage is triggered only when the insured becomes legally obligated to pay damages because of "bodily injury," "property damage," or "personal and advertising injury."

48.

The duty to defend under the Policy is only triggered when there is a "suit" seeking damages because of "bodily injury," "property damage," or "personal and advertising injury."

49.

There is no duty to defend under the Policy because all of Michael Appelt's claims in the Underlying Lawsuit have been dismissed and the Final Judgment is solely for Natalie Appelt's loss of consortium claim.

50.

Even if Formula Construction did not breach one or more of the notice conditions contained in the Policy, there is still no coverage under the Policy in

connection with the Underlying Lawsuit and Final Judgment because all of Michael Appelt's claims have been dismissed and the Final Judgment is solely for Natalie Appelt's loss of consortium claim, which is not a claim for covered "bodily injury," "property damage," or "personal and advertising injury" under the Policy.

51.

Grange seeks a declaratory judgment from this Court clarifying its duties and obligations under the Policy in connection with the Underlying Lawsuit and the Final Judgment. Specifically, Grange seeks a declaration that there is no duty to defend or indemnify under the Policy in connection with the Underlying Lawsuit and the Final Judgment.

### COUNT III - DECLARATORY JUDGMENT CONCERNING PROFESSIONAL LIABILITY

52.

Grange incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

53.

Even if Formula Construction did not breach one or more of the notice conditions contained in the Policy and there is a covered injury, the Policy does not provide coverage for "bodily injury," "property damage," or "personal and

advertising injury" arising out of the rendering of or failure to render of any professional services by Formula Construction or on its behalf.

54.

To the extent that the allegations against Formula Construction in the Underlying Lawsuit arise out of the rendering of or failure to render of any professional services by Formula Construction or on its behalf, there is no coverage under the Policy.

55.

Grange seeks a declaratory judgment from this Court clarifying its duties and obligations under the Policy in connection with the Underlying Lawsuit and the Final Judgment. Specifically, Grange seeks a declaration that there is no duty to defend or indemnify under the Policy in connection with the Underlying Lawsuit and the Final Judgment.

WHEREFORE, Grange demands that the Court adjudge:

(a)    That process issue as required by law and that Defendants be served with a copy of this Complaint for Declaratory Judgment;

(b)    That this Court declare each of Grange's duties and obligations under the Policy with respect to the Underlying Lawsuit and the Final Judgment; and

(c) That Grange have such other and further relief as this Court deems just and proper.

Respectfully submitted, this 31st day of January 2022.

                                    **HAWKINS PARNELL & YOUNG, LLP**

| | |
|---|---|
| 303 Peachtree Street, N.E., Suite 4000 | */s/ Brian W. Sprinkle* |
| Atlanta, Georgia 30308-3243 | Brian W. Sprinkle |
| P: (404) 614-7400 | Georgia Bar No. 673036 |
| F: (404) 614-7500 | |
| E: bsprinkle@hpylaw.com | *Attorneys for Plaintiff Grange Insurance Company* |

12105067v.2