Case 1:22-cv-00374-VMC   Document 1-2   Filed 01/31/22   Page 1 of 9

State Court of Fulton County
**E-FILED**
18EV004800
10/3/2018 1:03 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MICHAEL APPELT and<br>NATALIE APPELT,<br><br>    Plaintiffs<br><br>Vs.<br><br>COLUMNS AT BENTLEY MANOR;<br>COBB-BENTLEY ASSOCIATES, LTD (a domestic limited partnership);<br>ECI GROUP, INC. (a domestic corporation);<br>and FORMULA CONSTRUCTION GROUP, LLC (a domestic company),<br><br>    Defendants | CIVIL ACTION NO:<br><br><br><br><br>JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Michael Appelt and Natalie Appelt, and by and through the undersigned attorney, file this Complaint For Damages against Defendants Columns at Bentley Manor, Cobb-Bentley Associates, Ltd, ECI Group, Inc., and Formula Construction Group, Inc. (collectively, "Defendants") and show the following:

### JURISDICTION AND VENUE

1.

Plaintiffs Michael and Natalie Appelt reside in Watkinsville, Georgia.

2.

Defendant Columns at Bentley Manor is an apartment complex located at 2600 Bentley Rd SE, Marietta, GA 30067, and service of process may be perfected upon the managing agent at the leasing office at this location, its registered agent, and/or otherwise as allowed by Georgia Law.

1

Copy from re:SearchGA

3.

Defendant Cobb-Bentley Associates, Ltd. is a domestic limited partnership located at 2100 Powers Ferry Road, Suite 200, Atlanta, GA 30339, and service of process may be perfected upon its registered agent, A.J. Block, Jr. located at 2060 Mt. Paran Road, #106, Atlanta, GA 30327, and/or otherwise as allowed by Georgia Law.

4.

Defendant ECI Group, Inc. is a domestic corporation, which is also located at 2100 Powers Ferry Road, Suite 200, Atlanta, GA 30339, and service of process may be perfected upon its registered agent, A.J. Block, Jr. located at 2060 Mt. Paran Road, #106, Atlanta, GA 30327, and/or otherwise as allowed by Georgia Law.

5.

Defendant Formula Construction Group, LLC is a domestic company located at 515 E. Crossville Road, Suite 350, Roswell, GA 30075, and service of process may be perfected upon its registered agent, Business Filings Incorporated located at 289 S Culver St, Lawrenceville, GA, 30046, and/or otherwise as provided by Georgia Law.

6.

Jurisdiction and Venue are proper in Fulton County Georgia. This Court has jurisdiction over all Defendants.

FACTS

7.

Defendant Columns at Bentley Manor is a residential apartment complex, and Defendant ECI Group, Inc. is the managing company for said apartment complex.

8.

Defendant Cobb-Bentley Associates, Ltd. is believed to be the parent company of ECI Group, Inc., or otherwise maintains authority**,** supervision, management and/or control over ECI Group, Inc. and/or Columns at Bentley Manor.

2

Copy from re:SearchGA

9.

Upon information and belief, Defendant Formula Construction Group, LLC was hired by Defendants Columns at Bentley Manor, ECI Group, Inc., and Cobb-Bentley Associates, Ltd. to remodel the attic at issue in this case.

10.

At the time of the incident, Plaintiff Michael Appelt was working as a fuel technician for Yes Energy Management. On October 7, 2016, Michael Appelt was invited to Columns at Bentley Manor (the "Property") by Defendants to perform maintenance and repairs on the Property.

11.

The services and work requested by Defendants required Mr. Appelt to enter into an attic on the Property. The attic was over-packed with personal property of the Defendants, and its visibility was poor.

12.

While in the attic, Mr. Appelt took all necessary precautions. Plaintiff was neither negligent nor contributorily negligent in any way.

13.

While performing his work, Mr. Appelt was required to stand on the attic's floor and/or support beams.  While performing his work in the attic, Mr. Appelt stepped on the attic's floor and/or support beam.  The floor and/or beam made a cracking sound, thereafter collapsing and causing Mr. Appelt to fall on the concrete floor below.

14.

Mr. Appelt was injured on the Property as a direct and proximate result of this fall.

Copy from re:SearchGA

15.

As a direct and proximate result of the negligence, gross negligence, and/or other facts and causes of actions set forth herein, Mr. Applet was injured on Defendants property. Defendants' negligence includes, but is not limited to:

(a) Over-packing the attic and support beams with more weight than they were constructed to withstand; and,
(b) Failing to warn Plaintiff that the attic and support beams had been:
   1. negligently constructed; and,
   2. built without a permit; and,
   3. built by individuals or companies that were not licensed or otherwise allowed by Georgia law to legally perform the work; and,
   4. built by individuals or companies that were not qualified, competent, and/or properly trained or educated to safely and correctly perform the work; and,
(c) Failing to comply with mandatory State, County, City, and/or other local building, property maintenance, construction, and/or renovation codes and guidelines (negligence per se); and,
(d) Failing to adequately inspect and keep the premise and the attic safe for invitees like Plaintiff; and,
(e) Failing to comply with industry standards in building, constructing, remodeling, renovating, and/or maintaining safe buildings, attics, and crawl spaces like the one in which Plaintiff was injured.

## CAUSES OF ACTION
### Count 1: Negligence & Negligence *Per Se*

16.

Paragraphs 1 through and including 15 are incorporated into Count 1 as if recited verbatim.

4

Copy from re:SearchGA

17.

Defendants Cobb-Bentley, Bentley Manor and ECI Group, Inc., as owners of the premises, had a statutory duty of care to keep their premises safe for invitees like Plaintiff.

18.

Defendants Cobb-Bentley, Bentley Manor and ECI Group, Inc. breached that duty of care by failing to adequately inspect and maintain the attic space above the fitness center for hazards and perils.

19.

Defendants Cobb-Bentley, Bentley Manor and ECI Group, Inc. had a statutory duty to seek building permits to remodel their property.

20.

Defendants Cobb-Bentley, Bentley Manor and ECI Group, Inc.'s breached their duty of care by failing to obtain building permits and otherwise abide by state law and local ordinances.

21.

Defendants Cobb-Bentley, Bentley Manor and ECI Group, Inc. knew and should have known that a failure to abide by required building codes and industry standards could result in injury to persons.

22.

Defendants Cobb-Bentley, Bentley Manor and ECI Group, Inc.'s knew and should have known that a failure to inspect and maintain their premises could result in injury to persons.

23.

Defendants Cobb-Bentley, Bentley Manor and ECI Group, Inc.'s failure to exercise due care in inspection and maintenance of the premises and failure to obtain building permits directly and proximately caused damages to Mr. Appelt, who fell through the attic flooring and onto concrete.

Copy from re:SearchGA

24.

Defendant Formula Construction Group, LLC failed to exercise due care when it remodeled the Property.

25.

As a result of Defendants' breach of duties, Mr. Appelt was rushed to the emergency room, where he suffered from a broken ankle which required surgery. Mr. Appelt also requires surgery on his lower-back (L3-L5 fusion).

26.

As a result of Defendants' breach of duties, Mr. Appelt has incurred great pain and suffering, loss of enjoyment of life, and loss of income.

**Count 2: Gross Negligence; Reckless Disregard**

27.

Paragraphs 1 through and including 26 are incorporated into Count 2 as if recited verbatim.

28.

The combined negligence of all Defendants rises to the level of Gross Negligence.

29.

Defendants had reckless disregard for the safety of invitees, particularly with respect to the construction, storage, and maintenance of the attic/roof/and/or beam which caused Plaintiff's fall, and failed to exercise even slight diligence.

30.

Defendants actually knew, and should have known, that their negligence, as more specifically set forth in paragraphs 7 through and including 26, would create a dangerous hazard that could cause serious injuries, like those suffered by Plaintiff.

Copy from re:SearchGA

31.

Defendants acted with the absence of even slight diligence, and are therefore liable for Gross negligence.

## **Count 3: Loss of Consortium**

32.

Paragraphs 1 through and including 31 are incorporated into Count 3 as if recited verbatim.

33.

Plaintiff Natalie Appelt suffered a loss of consortium because of Defendant's actions which led to her husband's injuries.

34.

Mrs. Appelt suffered a loss of affection, loss of care, loss of joint income, and loss of services of her husband as a direct result of these injuries.

## **Count 4: Damages**

35.

Paragraphs 1 through and including 34 are incorporated into Count 4 as if recited verbatim.

36.

Defendants are liable to Plaintiffs for general, special and compensatory damages arising out of Defendants' negligence, the exact types and amounts of which shall be proven at trial. Presently, Plaintiffs' claims include damages for:

1. Past, Present and Future Medical Bills;
2. Past, Present, and Future Pain and Suffering (Physical and Mental);
3. Lost Wages and Diminished Earning Capacity;

Copy from re:SearchGA

4. Loss of Consortium; and,
5. Any other damages types, categories, and/or amounts the exact nature and amount of which will be proven at trial.

### Count 5: Punitive Damages

37.

Paragraphs 1 through and including 36 are incorporated into Count 5 as if recited verbatim.

38.

Defendants' failure to exercise the slightest care in building, maintaining, and inspecting their premises proximately caused damages to Plaintiffs, and therefore Defendants should be punished for their gross lack of due care.

39.

As a result, Defendants are liable for punitive damages in an amount determined by the trier of fact.

### Count 6: Joint and Several Liability

40.

Paragraphs 1 through and including 39 are incorporated into count 6 as if recited verbatim.

41.

All Defendants are jointly and severally liable for Plaintiffs' injuries and damages.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby exercise their constitutional right to demand a trial by a jury of twelve.

Copy from re:SearchGA

WHEREFORE, Plaintiff's pray for a judgment from a jury of 12 and as follows:

a) That Plaintiffs have judgment for general, special, compensatory, and punitive damages against Defendant, including but not limited to:
  i. Past, Present and Future Medical Bills;
  ii. Past, Present, and Future Pain and Suffering (Physical and Mental);
  iii. Lost Wages and Diminished Earning Capacity;
  iv. Loss of Consortium; and,
  v. Any other damages types, categories, and/or amounts the exact nature and amount of which will be proven at trial; and,
b) That Plaintiffs have their costs, expenses, and attorney's fees from Defendant; and,
c) Punitive Damages; and
d) Defendants be held jointly and severally liable for Plaintiffs' injuries and damages; and,
e) That Plaintiffs have such other and further relief as the Court deems just or proper.

Respectfully submitted, this 3rd day of October, 2018.

**TRIVEDI LAW FIRM, LLC**

*s/ Ankur P. Trivedi*
Ankur P. Trivedi
Attorney for Plaintiffs
GA Bar #: 859811
279 W. Crogan St., Ste. E
Lawrenceville, GA 30046
O: (678) 723-4447
F: (404) 907-1275
E: atrivedi@ATLegalFirm.com

Copy from re:SearchGA